IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK E. BROWN, )
 )
         Plaintiff, )
 )
v. )   Case No. 17-2390-JWL
 )
UNIFIED SCHOOL DISTRICT # 501, )
 )
         Defendant. )
 )
_____)

## MEMORANDUM AND ORDER

On July 6, 2017, plaintiff filed this action, alleging that defendant school district discriminated on the basis of his race in failing to hire him as a teacher. Plaintiff asserts claims under 42 U.S.C. § 1981, 42 U.S.C. §§ 2000e *et seq.* (Title VII), and K.S.A. §§ 44-1001 *et seq.* (Kansas Act Against Discrimination). On October 19, 2017, the Court noted pursuant to Fed. R. Civ. P. 4(m) that service of the summons and complaint within 90 days had not been shown, and it ordered plaintiff to show cause why the action therefore should not be dismissed (Doc. # 4). Plaintiff filed his timely response on November 2, 2017.

    The Court must make the following analysis under Rule 4(m):

    The preliminary inquiry under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case

without prejudice or extend the time for service.
*See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The Court concludes that plaintiff has not shown good cause here, as in his response plaintiff states only that service was not effected because his counsel "failed to ensure that the deadline for service pursuant to Rule 4(m) was calendared." *See Broitman v. Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (inadvertence, negligence, mistake of counsel, or ignorance of the rules does not constitute "good cause" for failure of timely service).

The Court further concludes in its discretion that a permissive extension is warranted here. Plaintiff's right-to-sue notice from the EEOC, dated April 4, 2017, gave him 90 days in which to bring his Title VII action, and that claim could therefore be barred on limitations grounds if this case were dismissed. *See Espinoza*, 52 F.3d at 842 (district court should consider limitations period in deciding whether to exercise its discretion under Rule 4(m)). Moreover, prejudice to defendant from the delay in service is unlikely, particularly given defendant's knowledge of plaintiff's claim before the EEOC. *See Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004) (factors for a permissive extension under Rule 4(m) include prejudice and the defendant's notice of the suit); *Booker v. Merck Human Health, Inc.*, 2000 WL 382000, at *3 (D. Kan. Jan. 19, 2000) (Lungstrum, J.) (considering the lack of prejudice and the defendant's notice of the plaintiff's claims in granting a permissive extension).

Accordingly, plaintiff is granted a brief extension, to **December 1, 2017**, to effect

service on defendant in this case.

IT IS SO ORDERED.

Dated this 2nd day of November, 2017, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge