IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK E. BROWN,

    **Plaintiff,**

    v.

UNIFIED SCHOOL DISTRICT NO. 501,

    **Defendant.**

Case No. 2:17-cv-02390-HLT

## MEMORANDUM AND ORDER

Plaintiff Mark E. Brown, a teacher formerly employed by Defendant Unified School District No. 501, filed this lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., alleging that Defendant refused to rehire him based on his race and in retaliation for a prior lawsuit he filed against Defendant. Plaintiff seeks reconsideration of the Court's July 24, 2019 Memorandum and Order granting Defendant's motion for summary judgment. Doc. 62. For the reasons discussed below, the Court denies Plaintiff's motion.

### I. BACKGROUND

The factual background underlying the parties' dispute is set forth in detail in the Court's summary judgment order and is not repeated at length herein. In sum, this case stems from Defendant's 2016 refusal to consider Plaintiff for rehire. Plaintiff previously worked for Defendant from 1982 until his voluntary resignation in 1996. Plaintiff claims Defendant refused to rehire him based on his race and in retaliation for a prior lawsuit he filed against Defendant in 1991. Based on these allegations, Plaintiff asserted two claims under Title VII: (1) race-based discrimination for failure-to-hire and (2) retaliation.

Defendant subsequently moved for summary judgment on both of Plaintiff's claims, arguing that Plaintiff could not establish a prima facie case on either claim and, regardless, could

not prove that Defendant's proffered reasons for refusing to rehire him were mere pretext for discrimination and retaliation.[1] Docs. 54-55. On July 24, 2019, the Court entered an order granting summary judgment in favor of Defendant. Doc. 62. In its order, the Court found that: (1) although Plaintiff had met the prima facie burden on his Title VII failure-to-hire claim, Plaintiff could not rebut Defendant's legitimate, nondiscriminatory reasons for refusing to reconsider its 2001 no-rehire decision by showing that those reasons were mere pretext for discrimination; and (2) Plaintiff could not establish a prima facie case on his retaliation claim, and, even if he could, he again could not show that Defendant's stated reasons for its no-rehire decision were pretext. *Id.* Judgment was accordingly entered in favor of Defendant. Doc. 63.

Plaintiff now asks the Court to reconsider portions of that order—specifically, the Court's holding that "no reasonable jury could determine that Defendant's legitimate reasons for its actions were mere pretext" for intentional discrimination or retaliation. Doc. 64 at 1.

## II. STANDARD

District of Kansas Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[2] D. KAN. R. 7.3(a). Grounds warranting relief from judgment under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence, and (3) the need to correct clear error or prevent manifest injustice. *Brinkman v. Norwood*, 2018 WL 1806758, at *1 (D. Kan. 2018); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion "is appropriate where the

---

[1] Defendant also moved in the alternative for partial summary judgment on Plaintiff's claims for compensatory damages and front pay, but, given its ruling granting Defendant's motion for summary judgment in full, the Court did not reach this partial request.

[2] Although Plaintiff's motion states that he is moving to alter or amend pursuant to Rule 59(a), Rule 59(e) is the rule covering a motion to alter or amend a judgment. The Court therefore construes Plaintiff's motion as a Rule 59(e) motion to alter or amend.

court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. But it is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Nor is it "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). The party seeking relief bears the burden of demonstrating that he is entitled to such relief. *Brinkman*, 2018 WL 1806758, at *1. Reconsideration of a judgment is an extraordinary remedy and should be used sparingly. *Id.*

## III. ANALYSIS

In his motion, Plaintiff does not expressly state which grounds for relief he is asserting. But he does not identify an intervening change in the controlling law or new evidence that could not have been obtained previously (and the Court discerns none). Plaintiff therefore appears to move under the third ground for relief only: the need to correct clear error or prevent manifest injustice.

The Tenth Circuit defines "clear error" as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *United States v. Carter*, 2019 WL 329573, at *1 (D. Kan. 2019) (citing *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001)). "Manifest injustice," meanwhile, is a "direct, obvious, and observable error in a trial court" that is "apparent to the point of being indisputable." *Id.* (citing *Paliwoda v. Showman*, 2014 WL 11517806, at *1 (D. Kan. 2014)). To prove manifest injustice, a plaintiff must show "more than just a clear and certain prejudice." *Id.* Rather, a plaintiff must also show "a result that is fundamentally unfair in light of governing law." *Id.*

The "clear error" or "manifest injustice" that Plaintiff claims warrants reconsideration is with respect to the Court's analysis of the third prong of the *McDonnell Douglas* burden-shifting

3

scheme—the pretext analysis.[3] In its summary judgment order, the Court held that Plaintiff had not met his burden of showing that Defendant's asserted reasons for its refusal to rehire Plaintiff— i.e., Plaintiff's negative performance evaluations and the 1989 sexual misconduct investigation— were mere pretext for discriminatory and retaliatory intent. Doc. 62 at 14-17, 20-21. But Plaintiff contends this holding was incorrect, arguing the Court erred in concluding that Defendant honestly believed the reason it gave for its conduct and acted in good faith on that belief. Doc. 64. Specifically, Plaintiff argues the Court disregarded evidence set out by Plaintiff in his summary judgment briefing. *Id.*

The Court disagrees with Plaintiff. First, the Court's analysis of pretext in its summary judgment order was a correct application of the law to the facts, and Plaintiff's arguments do not meet Rule 59(e)'s standard of showing "clear error" or "manifest injustice." As the Court stated in its order, pretext may be shown by demonstrating a defendant's proffered justifications for taking the adverse action are unworthy of belief. *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307 (10th Cir. 2017). A court's role is not to "second guess" the defendant's business judgment. *Id.* Indeed, whether the defendant's proffered reasons for its actions were fair or correct is immaterial so long as the defendant honestly believed those reasons and acted in good faith upon those beliefs. *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1169-70 (10th Cir. 2007). Plaintiff

---

[3] The Court notes that, in his Rule 59(e) motion, Plaintiff does not contest the Court's findings with respect to the first step (Plaintiff's prima facie case) or second step (Defendant's legitimate reasons for its action) of the *McDonnell Douglas* analysis. Plaintiff's motion focuses exclusively on the third step—pretext. As a result, even if Plaintiff's arguments for altering or amending the judgment were meritorious, it would only affect the Court's ruling with respect to Plaintiff's failure-to-hire claim. This is because, with respect to his retaliation claim, the Court found that Plaintiff could not even establish a prima facie case so as to satisfy the first step of the analysis. Doc. 62 at 20 ("Because Plaintiff cannot establish his prima facie case for Title VII retaliation, summary judgment is appropriate, and the Court need not proceed with the remainder of the *McDonnell Douglas* analysis."). The Court nonetheless held that summary judgment was warranted on this claim for the "<u>additional reason</u>" that Plaintiff could not show Defendant's actions were mere pretext for retaliatory intent. *Id.* at 21 (emphasis added). Therefore, even if the Court had erred in its pretext analysis, it would not have affected the ultimate outcome with respect to Plaintiff's Title VII retaliation claim.

does not dispute the law and, indeed, cites this proposition from *Swackhammer* in support of his motion to alter or amend. Doc. 64 at 2.

Here, in finding that Defendant honestly believed the reason it gave for its decision not to rehire Plaintiff and acted in good faith on that belief, the Court discussed at length the numerous uncontroverted facts supporting this finding. Doc. 62 at 14-17, 20-21. This evidence included negative performance evaluations from Plaintiff's tenure with Defendant, which noted concerns regarding his professionalism, communication skills, and inappropriate comments to students. *Id.* at 15. One such evaluation, which the Court cited in its summary judgment order, commented that Plaintiff's performance while employed with Defendant was "less than that of other teachers in the areas of professional skills, interpersonal relationships, and especially personal characteristics." *Id.* Another evaluation included a request that Plaintiff be transferred to a different school due to doubts he could meet students' needs. *Id.* The Court also cited information from Plaintiff's personnel file (which, as noted in the summary judgment order, was reviewed by HR personnel in connection with Defendant's decision not to rehire Plaintiff) regarding an investigation into sexually-inappropriate comments Plaintiff made to a female student under his supervision during his tenure as a girls' basketball coach. *Id.* at 15-16. With respect to this last piece of evidence, the Court further noted that Plaintiff himself had agreed that if a school district had an indication that a teacher had propositioned or asked out a student (as is the case here) <u>this would provide a reason to not want to hire that teacher</u>.[4] *Id.* at 16. The evidence relied upon by the

---

[4] In its summary judgment order, the Court also noted several other pieces of uncontroverted evidence that weighed against a finding of pretext, which Plaintiff does not address in his motion: (1) the fact that, for at least one of the positions for which Plaintiff applied in 2016, Defendant ultimately hired a member of Plaintiff's protected class; (2) the fact that Plaintiff continued to work for Defendant for five years after filing his 1991 lawsuit; and (3) the fact that Defendant rehired ten different employees who previously filed Title VII claims against Defendant. Doc. 62 at 16, 21. These facts severely undermine Plaintiff's argument that Defendant's reasons for its refusal to rehire him were pretext for discriminatory or retaliatory intent.

5

Court in its summary judgment order clearly supports Defendant's proffered reason for its decision.

Second, the evidence Plaintiff asserts the Court "disregarded" in making its pretext finding does not change the Court's analysis. Plaintiff claims the Court failed to consider: (1) certain "inconsistent testimony" that Plaintiff claims conflicts with Defendant's proffered reasons for its refusal to rehire; (2) Defendant's "lack of investigation" (i.e., the decision by Defendant's HR director, Carla Nolan, not to revisit the previous no-rehire decision); and (3) Defendant's failure to consider Plaintiff's positive job performance in the years between his voluntary resignation and his reapplication with Defendant. Doc. 64 at 2. But what Plaintiff essentially argues is that this evidence suggests that Defendant's decision not to rehire him was unfair or incorrect—essentially, that Defendant should not have made its decision not to rehire Plaintiff. This argument fails to provide a basis for a finding of pretext. *See Swackhammer*, 493 F.3d at 1169-70 (holding that evidence that the employer should not have made the decision—for example, that the employer was mistaken or used poor business judgment—is not sufficient to show the employer's explanation is unworthy of credibility).

Finally, the Court notes that many of Plaintiff's arguments in his motion to alter or amend merely rehash issues already addressed in the briefing of, and the Court's ruling on, Defendant's motion for summary judgment. For example, Plaintiff's argument that his recent favorable job history was not considered by Defendant before rejecting his 2016 bid for reemployment, demonstrating pretext, was previously raised by Plaintiff in his summary judgment briefing. Doc. 60 at 18; Doc. 64 at 3-4. But "Rule 59(e) does not permit a losing party to rehash or restate arguments previously addressed." *Brinkman*, 2018 WL 1806758, at *1; *see also Servants of the Paraclete*, 204 F.3d at 1012 (noting that "[i]t is not appropriate to revisit issues already addressed"

in a Rule 59(e) motion). Plaintiff may not use his motion as a second chance to argue his case. *See Voelkel*, 846 F. Supp. at 1483.

For all of these reasons, the Court finds that Plaintiff has not established that the Court's summary judgment findings with respect to the pretext prong of the *McDonnell Douglas* analysis were "arbitrary, capricious, whimsical, or manifestly unreasonable." *See Carter*, 2019 WL 329573, at *1. Nor has Plaintiff showed the result is "fundamentally unfair in light of governing law." *See id.* To the contrary, the application of the law to the facts supports the Court's holding that Defendant honestly believed the reason it gave for its decision not to rehire Plaintiff and acted in good faith on that belief, precluding a finding of pretext. Because Plaintiff has not established grounds for relief under Rule 59(e), his motion to alter or amend must be denied.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's Motion to Alter or Amend the Judgment (Doc. 64) is DENIED.

IT IS SO ORDERED.

Dated: October 15, 2019  /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE